WO        IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SEWARD PROPERTY, LLC, | ) |
|                 Plaintiff, | ) |
| vs. | ) |
| ARCTIC WOLF MARINE, INC., et al., | ) |
|                 Defendants. | ) No. 3:18-cv-0078-HRH |

O R D E R

Motion for Sanctions

Plaintiff Seward Property LLC moves for an order imposing sanctions against defendant Henry Tomingas.[1] Defendant Tomingas did not file an opposition or other response to this motion. Oral argument was not requested and is not deemed necessary.

Background

"This is a shipyard storage/environmental dispute between an Alaska shipyard (Seward Property, LLC) and an Alaska corporation/vessel owner, [defendant] Arctic Wolf

---

[1] Docket No. 92.

-1-

Marine, Inc. . . . ."[2] Plaintiff alleges that in 2015, it agreed to store one of Arctic Wolf's vessels "on its shoreline property in Seward, Alaska[,]"[3] but that shortly after entering into the storage agreement, "Arctic Wolf (and its officers and directors) stopped paying for storage and abandoned the vessel."[4] Tomingas was allegedly one of the officers and directors of Arctic Wolf.

Plaintiff commenced this action on March 19, 2018. In its amended complaint, plaintiff asserts breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, intentional misrepresentation, negligent misrepresentation, and indemnification claims.

On July 9, 2019, plaintiff served its second set of discovery requests on Tomingas.[5] Plaintiff requested 1) Tomingas' personal bank records, 2) Arctic Wolf's 2016 tax return, 3) Arctic Wolf's 2017 K-1 filing, and 4) Tomingas' personal tax returns.[6] On December 17, 2019, plaintiff moved to compel the production of these documents.[7] On January 8, 2020, the court granted the motion to compel and ordered Tomingas to produce 1) his personal

---

[2]Verified Complaint [etc.] at 1, ¶ 1, Docket No. 1.

[3]Id.

[4]Id.

[5]Declaration of R. Isaak Hurst in Support of Plaintiff's Motion for Sanctions at 2, ¶ 2, appended to Plaintiff's Motion for Sanctions under FRCP 37, Docket No. 92.

[6]Id. at 2, ¶ 3.

[7]Docket No. 81.

bank records for 2013 through 2018, 2) Arctic Wolf's 2016 tax return, and 3) Arctic Wolf's 2017 K-1 filing.[8] The court also ordered Tomingas to produce any correspondence between himself and the IRS "if at this time Mr. Tomingas is not able to produce the missing corporate tax records."[9]

On February 7, 2020, Tomingas filed a motion[10] which the court treated as a motion for reconsideration of its January 8, 2020 order. The court denied Tomingas' motion but extended the time in which Tomingas had to produce the documents at issue until March 10, 2020.[11] The court warned Tomingas that if he did not produce the documents at issue he could be subject to sanctions, which could include a default judgment.[12]

On March 10, 2020, Tomingas produced "images of the tax return request forms he had presumably submitted to the Internal Revenue Service" and "bank records for: (1) Portage Farm Alaska; (2) Henry Tomingas d.b.a. Seven Seas Salvage & Surveys; (3) Henry Tomingas d.b.a. Ocean Explorers; and (4) a credit account held jointly with Tomingas' brother Byron Tomingas."[13] But to date, Tomingas has not produced 1) the 2016 tax return

---

[8]Order re Motion Regarding Discovery Dispute at 2, Docket No. 82.

[9]Id.

[10]Docket No. 83.

[11]Order re Case Status at 2, Docket No. 84.

[12]Id.

[13]Hurst Declaration at 2, ¶¶ 4-5, appended to Plaintiff's Motion for Sanctions under
(continued...)

for Arctic Wolf, 2) Arctic Wolf's 2017 K-1 filing, or 3) his personal bank records for 2013 through 2018.

Plaintiff now moves for an order imposing sanctions against Tomingas for his failure to produce the foregoing documents.

Discussion

"Rule 37 governs discovery disputes and sanctions stemming therefrom." Clasberry v. Albertson's LLC, Case No. 2:14-cv-00774-JAD-NJK, 2015 WL 9093692, at *2 (D. Nev. Dec. 16, 2015). "The [c]ourt has 'great latitude' in fashioning sanctions pursuant to Rule 37." Id. (quoting Lew v. Kona Hosp., 754 F.2d 1420, 1426 (9th Cir. 1985)).

Plaintiff requests that the court enter default judgment against Tomingas as a sanction for his failure to comply with the court's order compelling him to produce the documents at issue. "A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe." Connecticut General Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007). "Only 'willfulness, bad faith, and fault' justify terminating sanctions." Id. (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003)).

"'[D]isobedient conduct not shown to be outside the control of the litigant' is all that is required to demonstrate willfulness, bad faith, or fault." Henry v. Gill Industries, Inc., 983

---

[13](...continued)
FRCP 37, Docket No. 92.

F.2d 943, 948 (9th Cir. 1993) (quoting Fjelstad v. Amer. Honda Motor Co., 762 F.2d 1334, 1341 (9th Cir. 1985)). Tomingas has failed to produce the documents in question and there is nothing before the court that suggests this failure was due to issues outside of his control. The court concludes that Tomingas' conduct has been willful.

If willfulness has been shown, then the court uses

> a five-part test, with three subparts to the fifth part, to determine whether a case-dispositive sanction under Rule 37(b)(2) is just: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

Connecticut General Life Ins. Co., 482 F.3d at 1096 (quoting Jorgensen, 320 F.3d at 912). "This 'test' is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow[.]" Id. "The most critical factor to be considered is whether 'a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts.'" Id. at 1097 (quoting Valley Eng'rs v. Electric Eng'g Co., 158 F.3d 1051, 1058 (9th Cir. 1998)).

"'The first two of these factors favor the imposition of sanctions in most cases[.]'" Henry, 983 F.2d at 948 (quoting Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990)). Plaintiff argues that Tomingas' conduct has impeded the court's ability to expeditiously resolve this dispute and effectively manage its docket. But, given that plaintiff filed a motion

-5-

for partial summary judgment on the same day that it filed the instant motion, Tomingas' failure to produce the documents at issue has not prevented the court from addressing the merits of this case. Moreover, during some of the time this discovery dispute was ongoing, civil cases in this district were stayed due to the COVID-19 pandemic. Thus, in this case, the first and second factors do not weigh in favor of imposing a terminating sanction.

As for the third factor, a plaintiff "'suffers prejudice if the [defendant's] actions impair the [plaintiff's] ability to go to trial or threaten to interfere with the rightful decision of the case.'" Id. (quoting Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990)). Plaintiff argues that Tomingas' conduct has prejudiced its ability to try this case by depriving it of essential information about Arctic Wolf, information that plaintiff argues is necessary to support its claims. In particular, plaintiff argues that it needs this information to support its piercing the corporate veil claim. Plaintiff insists that the Arctic Wolf tax records are some of the only documents that are available to show that the corporation did not observe corporate formalities. As for Tomingas' personal bank records, plaintiff contends that this information is necessary to confirm whether Tomingas received a personal loan from Arctic Wolf.

Any prejudice to plaintiff has been slight, mainly because, contrary to its contention, it has other evidence that Arctic Wolf did not observe corporate formalities, including Arctic Wolf's 2014, 2015, and 2017 tax returns and the deposition testimony of Tomingas and Del Schultz, the other individual defendant. In its motion for partial summary judgment, filed

-6-

the same day as the instant motion, plaintiff has been able to offer evidence in support of its argument that the corporate veil should be pierced. This undermines plaintiff's argument that it has been prejudiced because it does not have Arctic Wolf's 2016 tax return and 2017 K-1 filing. As for Tomingas' personal bank records, plaintiff insists that it needs these to confirm that Arctic Wolf made a personal loan to Tomingas, but as plaintiff points out in the instant motion, Arctic Wolf's 2014 tax returns show that a loan was made to a shareholder in that year and Tomingas was the only shareholder of the corporation at that time. In short, the information that plaintiff has not received from Tomingas does not appear to be that important to plaintiff's piercing the corporate veil argument. As such, this factor weighs against imposing a terminating sanction.

The fourth factor generally "cuts against a default" because public policy favors cases being heard on the merits. Adriana Int'l Corp., 913 F.2d at 1412. This is particularly true in this case given that there is a pending motion for partial summary judgment which will allow the court to consider the merits of plaintiff's contract claims, which are at the heart of this case. This factor weighs against imposing a terminating sanction.

As to the fifth factor, it contains three subparts: "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." Connecticut General Life Ins. Co., 482 F.3d at 1096. Here, there are lesser sanctions that the court could impose. In fact, plaintiff suggests that an appropriate lesser sanction would be the establishment of an adverse inference as to

-7-

whether the corporate form of Arctic Wolf should be disregarded. More specifically, plaintiff requests that "the [c]ourt . . . sanction Tomingas by issuing an order directing that Tomingas will be personally liable for any award Seward Property obtains against Arctic Wolf Marine, Inc."[14] "The establishment of adverse inferences is authorized by Rule 37(b)(2)(A) and is an accepted remedy for failure to provide discovery." Goldman v. Alhadeff, 131 F.R.D. 188, 192 (W.D. Wash. 1990). Given that there are lesser sanctions the court could impose, the fifth factor does not weigh in favor of imposing a terminating sanction.

Having considered the five factors, the court concludes that a terminating sanction is not appropriate for Tomingas' failure to comply with the court's order to produce the documents at issue. The court also declines to impose the lesser sanction suggested by plaintiff as plaintiff has a fair amount of other discovery relating to the corporate form issue. But, Tomingas did fail to produce all of the discovery that the court ordered he produce, so some sanction is warranted. "Federal Rule of Civil Procedure 37(b) provides for the award of reasonable costs and attorney's fees caused by the failure to obey a court order to provide discovery." WRB, INC. v. Vision Marketing, LLC, Case No. 2:16-CV-436-RMP, 2018 WL 3277650, at *1 (E.D. Wash. April 20, 2018). As a sanction for his failure to comply with the

---

[14]Plaintiff's Motion for Sanctions under FRCP 37 at 10, Docket No. 92.

-8-

Case 3:18-cv-00078-HRH   Document 106   Filed 12/23/20   Page 8 of 9

court's order to produce the documents in question, Tomingas will have to pay plaintiff its reasonable fees and costs incurred in connection with its attempts to obtain these documents.

Conclusion

Plaintiff's motion for sanctions[15] is granted. As a sanction for Tomingas' failure to comply with the court's order to produce the documents at issue, Tomingas is ordered to pay plaintiff its 1) costs and fees incurred for the previous motions to compel this discovery and 2) costs and fees incurred for bringing the instant motion. Plaintiff shall prepare and submit an application for and accounting of the fees and costs it incurred to compel the discovery responses at issue on or before January 6, 2021. Tomingas may respond to plaintiff's application for fees and costs. Any response by Tomingas shall be filed within fourteen days of the filing of plaintiff's application. The court will then evaluate the reasonableness of the costs and fees incurred.

DATED at Anchorage, Alaska, this 23rd day of December, 2020.

/s/ H. Russel Holland
United States District Judge

---

[15]Docket No. 92.