**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

SEWARD PROPERTY, LLC,

Plaintiff,

v.

ARCTIC WOLF MARINE, INC., *et al.*,

Defendants.

Case No 3:18-cv-00078-SLG

**ORDER RE OUTSTANDING MOTIONS**

Before the Court at Docket 135 is pro se Defendant Henry Tomingas's Motion for Extension of Time to Remove Vessel. Plaintiff Seward Property, LLC responded at Docket 137. Also before the Court at Docket 136 is Mr. Tomingas's Motion for Rediscovery, to which Plaintiff responded at Docket 138. And at Docket 139 is Mr. Tomingas's Motion for Dismissal. Plaintiff responded at Docket 140, to which Mr. Tomingas replied at Docket 141. Oral argument was not requested on the motions and was not necessary to the Court's determination. For the following reasons, the Court will deny each motion.

**BACKGROUND**

On January 31, 2018, Plaintiff initiated this action, alleging that "Arctic Wolf and its Shareholders failed to pay for storage of [a] Vessel" at Plaintiff's ship

storage yard.[1] The Complaint also alleges that Henry Tomingas was one of Arctic Wolf's shareholders.

Discovery in the case was scheduled to close on December 2, 2019, nearly two years ago.[2] In April 2020, the Court issued an order directing the parties to certify whether the case was ready for trial.[3] Plaintiff responded by requesting an extension of the dispositive motions deadline; Defendant Tomingas responded by stating that discovery was not complete, among other concerns.[4] The Court then entered an order that extended the dispositive motions deadline to June 30, 2020, and directed Mr. Tomingas to comply by that same June 30 date with previous compelling him to provide certain discovery to Plaintiff.[5]

On December 23, 2020, the Court granted summary judgment to Plaintiff on its breach of contract and breach of the covenant of good faith and fair dealing claims against Defendant Arctic Wolf; the Court also found that the corporate veil could be pierced as to Defendant Del Schultz.[6] And the Court determined that Plaintiff was entitled to summary judgment on Mr. Tomingas's intentional interference with contract counterclaim. However, the Court denied Plaintiff's

---

[1] Docket 1 at 5, ¶ 23.

[2] Docket 73 at 3.

[3] Docket 88 at 1.

[4] Dockets 89, 90.

[5] Docket 91.

[6] Docket 107 at 20 (Order).

motion for summary judgment as to Mr. Tomingas and Mr. Tomingas's motion to dismiss as to his liability, finding that "it remains unclear as to who owned the stock in Arctic Wolf at the time the Storage Agreement was signed."[7]

On April 20, 2021, the Court denied Mr. Tomingas's renewed motion to dismiss, finding that the "case is rife with factual disputes" regarding "the possibility of Tomingas' liability to plaintiff on a 'mere instrument' or 'misconduct' as regards the employment of a corporate entity theory."[8] On April 27, 2021, the Court entered a final judgment against Arctic Wolf Marine, Inc. and Del Schultz in the total sum of $52,000 in favor of Plaintiff. The Court also ordered Defendants Arctic Wolf and/or Del Schultz to remove the vessel from Plaintiff's ship storage yard by July 21, 2021.[9]

On April 28, 2021, the Court filed its second order seeking certification of readiness for trial from the two remaining parties: Plaintiff and Henry Tomingas. Both parties responded. At Docket 132, the Court issued an order that observed that discovery had closed on June 30, 2020, and that the case was ready for trial.[10]

---

[7] Docket 107 at 16.

[8] Docket 122 at 2–3 (referencing the Court's prior discussion on this topic in the Court's December 23, 2020 order).

[9] Docket 124 (Order); Docket 125 (Judgment).

[10] It appears that discovery closed in December 2019, except as to documents the Court ordered Mr. Tomingas to produce to Plaintiff by June 30, 2020.

The case was then reassigned to the undersigned judge, who conducted a trial scheduling conference on July 15, 2021. Thereafter, Mr. Tomingas filed the three motions now pending before the Court.

## DISCUSSION

### I. Extension of Time for Removal of the Vessel

The Court's April 21, 2021 order directed Defendants Arctic Wolf and/or Del Schultz to remove the R/V Bering Explorer from Plaintiff's property on or before July 21, 2021.[11] On July 22, 2021, Mr. Tomingas filed this motion seeking an extension of time to remove the vessel.[12] Mr. Tomingas asserts that "[r]emoval is not possible when the Plaintiff continues to block the Defendant and his crew access and continues to lie to the court by denying such maneuvers ever happened."[13] Additionally, he contends that "[r]e-enabling the Vessel so it can be removed is not possible when the Plaintiff has clearly already taken possession and started the demolition process . . . ."[14]

In response, Plaintiff asserts that "Defendant's motion is too late" because "[t]he deadline for Defendant's motion expired on May 25, 2021, over two months

[11] Docket 122 (Order). This order was amended at Docket 124, but the July 21, 2021 deadline was unaffected.

[12] Docket 135 (Mot.).

[13] Docket 135 at 2 (Mot.).

[14] Docket 135 at 2 (Mot.).

ago" pursuant to Federal Rule of Civil Procedure 59(e).[15] Plaintiff also contends that Mr. Tomingas lacks standing to seek relief from the judgment under Rule 60 because "[f]inal judgment has not yet been entered against Defendant Tomingas."[16] Plaintiff also denies lying to the Court and instead maintains that "when Tomingas arrived at Seward's property on May 9, 2021, he stated that he was there to assist his former welders take their equipment off the vessel."[17]

The Court agrees with Plaintiff. Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Judgment was entered more than 28 days before Mr. Tomingas filed his motion.[18] Moreover, the Court finds that even if Mr. Tomingas has standing to move for relief pursuant to Rule 60, he has not shown that any of the criteria for granting relief pursuant to Rule 60(b) apply. Accordingly, the motion to extend the deadline for the Vessel's removal will be denied.

## II. Re-Opening Discovery

Mr. Tomingas "moves for reconsideration of this court's order of July 20, 2021 imposing trial on Mr. Tomingas with no evidence allowed or deposition."[19]

---

[15] Docket 137 at 2 (Opp.).

[16] Docket 137 at 2 (Opp.).

[17] Docket 137 at 2 (Opp.).

[18] *Compare* Docket 125 (judgment entered on April 27, 2021) *with* Docket 135 (motion for extension of time filed July 22, 2021).

[19] Docket 136 at 1 (Mot.).

Mr. Tomingas appears to assert that discovery should be reopened because he was unable to obtain discovery due to "covid" and also because his prior counsel "quit."[20] Plaintiff responds that Mr. Tomingas's motion "satisfies none of the[] basic requirements" of Local Civil Rule 7.1. Plaintiff maintains that Mr. Tomingas made the exact same assertions when he sought to extend discovery in September 2020, and that he "deserves no [] accommodation here" as a pro se defendant "because he has been put on notice of the basic requirements of motion procedure," having "entered approximately 12 filings in the docket" since his counsel withdrew in November 2019.[21] Plaintiff also contends that Mr. Tomingas "has had more than sufficient time to obtain sufficient discovery in this case," which "was filed . . . over three years ago."[22]

The Court finds that reopening discovery at this time is not warranted. While the Court acknowledges that Mr. Tomingas is currently without the benefit of counsel, he attended the April 10, 2019 Scheduling and Planning Conference in person and joined in Plaintiff's subsequent motion to reopen discovery.[23] Plaintiff and Mr. Tomingas, who was at that time represented by counsel, jointly submitted

---

[20] Docket 136 at 1 (Mot.).

[21] Docket 138 at 2 (Opp.).

[22] Docket 138 at 2–3 (Opp.).

[23] Docket 58.

an "Agreed Discovery Scheduling Report," which was approved by the Court.[24] And Mr. Tomingas was represented by counsel when the Court extended the close of fact discovery to December 2, 2019.[25] Mr. Tomingas was therefore on notice of the deadline for the completion of discovery and the subsequent withdrawal of his counsel is not good cause to reopen discovery. Nor does the ongoing COVID-19 pandemic justify reopening fact discovery. Fact discovery closed on December 2, 2019, several months before the pandemic would have complicated this litigation. Mr. Tomingas has not shown that either of his bases for reopening discovery constitute good cause. In any event, Mr. Tomingas failed to diligently pursue discovery during the many months that it was open. Therefore, the Court will deny his request to reopen discovery.[26]

## III. Motion to Dismiss

Mr. Tomingas seeks dismissal "based on new information and res judicata." Because this motion comes well after Mr. Tomingas has answered Plaintiff's complaint and includes many attachments, the Court construes Mr. Tomingas's

---

[24] Docket 63 (proposed schedule); Docket 64 (Order).

[25] Docket 73.

[26] *See Panatronic USA v. AT&T Corp.*, 287 F.3d 840, 846 (9th Cir. 2002) (finding district court did not abuse discretion by refusing to reopen discovery where requesting party "had ample opportunity to conduct discovery"); *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006) ("We decline to limit the district court's ability to control its docket by enforcing a discovery termination date, even in the face of requested supplemental discovery that might have revealed highly probative evidence, when the plaintiff's prior discovery efforts were not diligent.").

motion as a dispositive motion pursuant to Federal Rule of Civil Procedure 56.[27] Rule 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The burden of showing the absence of a genuine dispute of material fact lies with the moving party.[28] The Court "'appl[ies] the law of the forum state in determining whether a corporation is an alter ego' of an individual."[29] Mr. Tomingas has set forth numerous arguments as to why he should be dismissed from this case; the Court considers each in turn.

As a preliminary matter, the motion should be denied because it is untimely, as the dispositive motion deadline expired in this case in June 2020.

On the merits, Mr. Tomingas's assertion that res judicata bars this action against him because "a judgment has already been reached by the court in this case against the defendants, which included Henry Tomingas," is without merit.[30] "The doctrine of res judicata as adopted in Alaska provides that a final judgment in a prior action bars a subsequent action if the prior judgment was (1) a final judgment on the merits, (2) from a court of competent jurisdiction, (3) in a dispute

[27] The Court previously denied Mr. Tomingas's motion to dismiss under Rule 12(b)(6).

[28] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[29] *S.E.C. v. Hickey*, 322 F.3d 1123, 1128 (9th Cir. 2003) (quoting *Towe Antique Ford Found. v. IRS*, 999 F.3d 1387, 1391 (9th Cir. 1993)).

[30] Docket 139 at 2 (Mot.).

between the same parties (or their privies) about the same cause of action."[31] The judgment issued in this case was only against Wolf Marine, Inc. and Del Schultz.[32] They are not the same parties as Mr. Tomingas, and the judgment did not resolve Mr. Tomingas's potential liability.[33] In fact, the Court has specifically found this remaining issue to be "rife with factual disputes."[34] As such, there has been no final judgment on the claim against Mr. Tomingas, and res judicata does not apply.

Mr. Tomingas also reiterates several arguments that the Court already rejected in its April 20, 2021 order denying Mr. Tomingas's second motion to dismiss.[35] For example, Mr. Tomingas again asserts that "Plaintiff has seized control of the vessel and obstructed Defendant Tomingas from working on the vessel . . . ."[36] But this has no bearing on the remaining issue in this case, which as the Court explained in its April 20, 2021 order, is whether "defendant Tomingas is liable for the debts of Arctic Wolf Marine, employing a 'pierce the corporate veil'

---

[31] *Pister v. Dep't of Revenue*, 354 P.3d 357, 362 (Alaska 2015) (quoting *Plumber v. Univ. of Alaska Anchorage*, 936 P.2d 163, 166 (Alaska 1997)).

[32] Docket 125 (Judgment).

[33] *See Pister*, 354 P.3d at 363 (finding that res judicata did not bar piercing the corporate veil as to an individual even though the claims against the corporation had previously been resolved because the plaintiff "did not have to demonstrate that [the individual] had ignored corporate formalities or used the corporate form to commit fraud or a crime in that case" and "were [not] such determinations particularly 'related in time, space, origin, or motivation' to the determinations on which the earlier case turned.").

[34] Docket 121 (Order).

[35] Docket 121 (Order).

[36] *Compare* Docket 139 at 2 (Mot.) with Docket 114 at 3 ("[A]t that point, the vessel Bering Explorer was converted property . . . .").

theory of liability."[37] Indeed, just as in his previous motions, Mr. Tomingas continues to "argue the facts of this case" rather than to "put forth any legal theory that would entitle defendant Tomingas to summary judgment" on Plaintiff's theory that he should be liable through corporate veil piercing.[38] Mr. Tomingas essentially seeks untimely reconsideration of the Court's December 2020 decision as reiterated in its April 2021 decision that there is a genuine dispute as to material facts regarding whether the corporate veil should be pierced as to Mr. Tomingas. Mr. Tomingas has not established that he is entitled to dismissal pursuant to Federal Rule of Civil Procedure 12(b) nor judgment as a matter of law pursuant to Rule 56(a).[39]

## CONCLUSION

Based on the foregoing, Defendant's motions at Docket 135, Docket 136, and Docket 139 are each DENIED. A renewed trial scheduling conference will be scheduled by separate order.

DATED this 2nd day of September, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

[37] Docket 121 at 2 (Order).

[38] Docket 121 at 2 (Order).

[39] Additionally, Federal Rule of Civil Procedure 15 governs when a party may amend its own pleadings and does not provide grounds to move the court to order another party to amend its pleadings.